IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REBEKAH ROSE PATTEN,

     Plaintiff,

v.                                            Civil No. 1:13-cv-236

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

     Defendant.

## REPORT AND RECOMMENDATION THAT PLAINTIFF'S MOTION TO PROCEED AS A PAUPER BE DENIED

On October 17, 2013, Plaintiff filed a complaint against the Commissioner of Social Security under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), and an Application for Leave to Proceed *in forma pauperis*.[1] Plaintiff's application reveals that she and her spouse have a combined monthly income of $4,956, own three vehicles worth $52,000, own real estate worth $82,000, and have $500 in a checking account. Plaintiff estimates her family's total monthly expenses to be $4,650.[2]

A plaintiff need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins v. E.I. DuPont De Nemours & Co.*, 335 U.S. 331, 339 (1948). Nor should a plaintiff have to enter destitution in order to pay a filing fee. *Id*. The question turns on whether a plaintiff can pay for the costs and "and still be able to provide himself and dependants with the necessities of life." *Id*. Further, in assessing an application to proceed as a pauper, "a court may

---

[1] Dkt. Nos. 1 & 2, respectively.

[2] Plaintiff's application lists her total monthly expenses as $2,500, but the Court notes that this is an error. It appears that Plaintiff failed to total all of her listed monthly expenses by leaving out of the calculation the expenses listed on page three of the application. After re-calculating, the Plaintiff's monthly expenses actually total $4,650.

1

consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208–09 (D. Md. 1978); *see also Assaad-Faltas v. Univ. of S. Car.*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997) (finding it proper to consider whether the party claiming indigent status receives financial support from her family).

Here, it appears as though Plaintiff and her spouse are able to meet their monthly expenditures and still have over $300 per month in discretionary income. Additionally, in her expenditures Plaintiff claims that her family spends $300 per month on clothing. Surely, they can forego some of these expenditures in order to pay the filing fee. Moreover, Plaintiff's spouse has $500 in a checking account. Finally, although Plaintiff notes that she expects her monthly income to decrease within the next twelve months due to a decrease in her spouse's wages, this factor has already been taken into account in calculating Plaintiff's current monthly income. Accordingly, because requiring Plaintiff to pay the filing fee would not require her to choose between this civil action and the necessities of life, the Court **RECOMMENDS** that Plaintiff's motion to proceed as a pauper be **DENIED**, and that she be required to pay the $400 filing fee.

The Clerk is directed to transmit a copy of this order to counsel for Plaintiff. Any party may, within fourteen [14] days of receipt of this recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

DATED: October 18, 2013               /s/ *James E. Seibert*
                                      JAMES E. SEIBERT
                                      UNITED STATES MAGISTRATE JUDGE