IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**REBEKAH ROSE PATTEN,**

    **Plaintiff,**

v.            CIVIL ACTION NO. 1:13CV236
                  (Judge Keeley)

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**ORDER ADOPTING MAGISTRATE JUDGE'S
OPINION/REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b)(1)(B), Rule 72(b), Federal Rules of Civil Procedure and Local Court Rule 4.01(d), on October 17, 2013, the Court referred this Social Security action to United States Magistrate Judge James E. Seibert ("Magistrate Judge Seibert" or "magistrate judge") with directions to submit proposed findings of fact and a recommendation for disposition.

On October 18, 2013, Magistrate Judge Seibert filed his Report and Recommendation ("R&R"), recommending that the plaintiff's <u>in forma pauperis</u> application be denied (dkt no. 3), and directing the parties, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e), Fed. R. Civ. P., to file with the Clerk of Court any written objections within fourteen (14) days after being served with a copy of the R&R. He further directed the parties that failure to file objections would result in a waiver of the right to appeal from the judgment of this Court.  The parties did not file any objections.

**PATTEN V. COMMISSIONER OF SOCIAL SECURITY**            **1:13CV236**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Upon consideration of Magistrate Judge Seibert's recommendation and having received no written objections,[1] the Court accepts and approves the R&R. The Court notes that the docket sheet reflects that on October 28, 2013, the plaintiff paid the $400 filing fee, which moots the issue that was the subject of the R&R,

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: January 16, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] Patten's failure to object to the Report and Recommendation not only waives her appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).