IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

REBEKAH ROSE PATTEN,

      Plaintiff,

v.                                                                             Civil Action No. 1:13-CV-00236

CAROLYN W. COLVIN,
Acting Commissioner of Social Security

      Defendant.

## **REPORT AND RECOMMENDATION**

## I. INTRODUCTION

**A. Background**

On October 17, 2013, Rebekah Patten filed this action under 42 U.S.C. §§ 405(g) for judicial review of an adverse decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. §§ 401-433.[1] The Commissioner filed her Answer on February 12, 2014.[2] Ms. Patten then filed her Motion for Judgement on the Pleadings on March 12, 2014,[3] and the Commissioner filed her Motion for Summary Judgment on April 9, 2014.[4] The motions are now ripe for this Court's review, and for this report and recommendation.

**B. The Pleadings**

---

[1] Dkt. No. 1.

[2] Dkt. No. 11.

[3] Dkt. No. 12.

[4] Dkt. No. 16.

1. Ms. Patten's Motion for Judgment on the Pleadings.

2. Commissioner's Motion for Summary Judgment and Memorandum in Support.

**C. Recommendation**

I recommend that:

1. Ms. Patten's Motion for Summary Judgment be **DENIED** because the ALJ adequately followed the requirements set by SSR 00-4p between the vocational expert's testimony and the *Dictionary of Occupational Titles*.

2. Commissioner's Motion for Summary Judgment be **GRANTED** for the reasons set forth.

## II. FACTS

**A. Procedural History**

On January 20, 2011, Ms. Patten applied for Disability Insurance Benefits (Title II) alleging a disability beginning on January 1, 2008. (R. 201-02, 284.) The application for benefits was denied on March 1, 2011, and again upon reconsideration on May 18, 2011. (R. 125-26.) On June 16, 2011, Ms. Patten requested a hearing by an Administrative Law Judge ("ALJ") and on June 6, 2012, a video hearing was held by Administrative Law Judge Jack Penca (R. 26, 152-53.) Subsequently, in a written ruling on June 12, 2012, Judge Penca found Ms. Patten not under a disability, as defined in the Social Security Act, at any time from January 2, 2008, through March 31, 2012, the date last insured. (R. 41.)

Following the June 12, 2012, determination by Judge Penca, Ms. Patten requested a review of the Administrative Judge's decision. (R. 1.) On August 20, 2013, her request was denied by the Appeals Council. Ms. Patten then timely brought her claim to this Court.

**B. Personal History**

Ms. Patten was born on February 9, 1981 and was 31 years old on the date of the hearing before the ALJ. (R. 202.) Ms. Patten graduated from high school in 2000 and has received an Associate's Degree. (R. 55, 253.) During the June 6, 2012 hearing, Ms. Patten testified that she is married with two minor children. (R. 57.) Ms. Patten's previous relevant work includes house cleaning, working in a deli and school kitchen, packing and shipping orders at a tractor store, and operating the front cash register at McDonald's. (R. 53-54.)

**C. Medical History**

Because the Plaintiff is only narrowly challenging the VE's testimony and its use as substantial evidence in this matter, much of the medical evidence is not material to this Court's analysis; however, the undersigned has throughly reviewed the record and will briefly discuss Ms. Patten's medical history. On January 13, 2011, Ms. Patten "complained of pain in the lumbar spine" and was diagnosed with moderate neck pain, cervical radiculopathy, C5-6 disc bulge with moderate central canal stenosis, severe low back pain, and bilateral lumbosacral/neuritis/radiculopathy by Dr. Rammy Gold. (R. 515-19.) On April 18, 2011, Dr. Gold performed an anterior cervical discectomy and fusion. (R. 595.)

On October 18, 2011, Plaintiff stated some improvements after surgery. However, she reported new symptoms of headaches and bilateral hand pain. (R. 560.) On May 8, 2012, Dr. Gregory Meyers reported a very slight posterior disc protrusion at the C4-5 level based on a October 18, 2011 MRI. (R. 681.)

**D. Testimony of the Vocational Expert**

The testimony of the vocational expert ("VE") during Ms. Patten's hearing is relevant to the

sole issue raised by the Plaintiff in this case.

During the June 6, 2012, hearing, the VE testified that she was familiar with the Social Security Act definitions of unskilled, semi-skilled, skilled, sedentary, light, medium, heavy, and very heavy work. (*Id.*) The ALJ asked if the VE was familiar with the *Dictionary of Occupational Titles* ("DOT"). (*Id.*) The VE responded affirmatively. (*Id.*) Next, the ALJ instructed the VE that during her testimony to inform the court when the VE's "testimony does not agree with the dictionary" and to "explain why it differs." (*Id.*) Again, according the record, the VE responded affirmatively.

Once prompted by the ALJ, the VE characterized Ms. Patten's previous work history as "light," except for one previous position as a dishwasher she classified as "medium work."[5] Next, the ALJ proposed the following hypothetical to the VE:

> I'd like you to assume an individual of the claimant's age, education and work history, can perform work at the light exertional level. Who can occasionally climb ramps and stairs, but never ladders, ropes and scaffolds. Who can occasionally balance, stoop, kneel, crouch, and crawl. Who must avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes, odors, dust, gas, poor ventilation and hazards such as moving machinery and unprotected heights. And, who must also have the option to sit and stand at will. Could such an individual perform the claimant's past work?

(R. 70-71.) The VE responded to the ALJ that the hypothetical person could perform the claimant's past work as to a hand packer. (R. 71.) Next, the ALJ posed the same hypothetical but added "that the individual could occasionally reach . . . [w]ould affect the ability to do past relevant work? Could they do the hand packer job?" (*Id.*) With this added condition, the VE testified that a hypothetical person with these limitations could not perform the claimant's previous hand packing job. (*Id.*)

---

[5] The relevant testimony by the VE is as follows: "There are numerous jobs that are classified as light, SVP of 2, which are fast food worker, deli worker, janitorial, mail distributor and hand packer. And, there was also a job as a dishwasher, which would be classified as medium work, SVP of 2. No transferrable skills." (R. 70.)

However, the VE testified that with the above established limitations, sedentary jobs were nonetheless available such as data entry, addresser, and hand binder, which are all considered unskilled work (an SVP of 1 or 2). (R. 71-72.) Next, the ALJ proposed a third hypothetical, again with the above limitations, but adding that "the individual could only occasionally handle, finger and feel." (R. 72.) The VE testified that no job "in significant numbers" would be available to such a person with those limitations. (*Id.*)

## III. THE MOTIONS FOR SUMMARY JUDGMENT

### A. Contentions of the Parties

In her Motion to Support a Judgement on the Pleadings, Ms. Patten contends that the ALJ violated Social Security Ruling 00-4p by "fail[ing] to elicit a reasonable explanation for the apparent conflict" between the VE's expert testimony and the occupational descriptions provided in the DOT. (Doc. 15, pg. 12.) In her motion, Ms. Patten demonstrates two instances where the inconsistencies "should have been apparent." (Doc. 15, pg. 15.) The first alleged inconsistency was, that during testimony, the VE "did not explain how the requirement for a *sit/stand option at will* would reduce the occupational base of work the Plaintiff could perform." (*Id.*) The second alleged inconsistency was that the data entry position described by the VE as unskilled work, labeled as SVP 1 or 2, is actually a semi-skilled occupation with a SVP of 4. Thus, Ms. Patten argues because the ALJ did not resolve these differences or inquire further, the ALJ's finding that Ms. Patten can perform other work is not based on substantial evidence.

In the Commissioner's Motion for Summary Judgment, she contends that the ALJ's decision of non-disability should be affirmed. First, the Commissioner argues Social Security Ruling 00-4p "requires only that ALJ's resolve any conflicts that they perceive between the vocational expert's

testimony." (Doc. 17, pg. 5.) Thus, because the ALJ did not perceive any conflicts, there was substantial evidence for the ALJ's decision. Additionally, the Commissioner alleges that SSR 00-4p permits a VE to rely on personal experience to describe the rigors of certain occupations not necessarily matching the occupational definition located in the DOT.

## B. The Standards

*1. Summary Judgment*

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

*2. Judicial Review*

This Court's review of the ALJ's decision is limited to determining whether the decision is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Pierce v. Underwood*, 487 U.S. 552, 664-65 (1988); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). The decision before the Court is "not whether the Claimant is disabled, but whether the ALJ's finding of no disability is supported by substantial evidence." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 2001)). The ALJ's decision must be upheld if it is supported by "substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3).

## C. Discussion

Ms. Patten contends that because "the jobs provided by the vocational expert at hearing are inconsistent with the descriptions in the [DOT], and the ALJ failed to elicit a reasonable explanation for the apparent conflict" this Court must remand the ALJ's determination denying Ms. Patten's DIB claim. (Doc. 15, pg. 11-12.)

"The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." *Walker v. Bowen*, 889 F.2d 47, 50-51 (4th Cir.1989). In addressing the possibility of inconsistences between a VE's testimony and the DOT, the Social Security Administration created Social Security Ruling 00-4p ("SSR 00-4p"), a policy interpretation ruling discussing the "standards for the use of [VE's] who provide evidence at hearings before [ALJ's] . . . in the evaluation of disability claims." SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). Specifically, SSR 00-4p "sets forth the actions required of an ALJ when there is an apparent conflict between the testimony of the vocational expert and the DOT." *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006); SSR 00-4p, 2000 WL 1898704. According to the SSR:

> When there is an apparent unresolved conflict between VE. . . and the DOT, the adjudicator must elicit a reasonable explanation for the

> conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

SSR 00-4P, 2000 WL 1898704, at *2. Further, "when a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT. SSR 00-4p, 2000 WL 1898704, at *4. However, "[t]here is no affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses . . . ." *Boggs v. Astrue*, 2012 WL 5494566, at *7 (N.D.W. Va. Nov. 13, 2012). Further, if a plaintiff does "not bring the vocational expert's mistake to the ALJ's attention, the ALJ . . . not need to explain how the conflict was resolved." *Id.*

It should be remembered that neither VE testimony nor DOT definitions "trump" the other as evidence considered by the ALJ. SSR 00-4p, 2000 WL 1898704, at *2. Further, "the DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." *Id* at *3. Indeed, an advantage of a VE testifying at hearings is the ability of the VE "to provide more specific information about jobs or occupations than the DOT." *Id.*

In this case, the testifying VE claimed that data entry (DOT number 203.582-054) was an unskilled job, SVP of 1 or 2, while under the DOT, the position of "data entry clerk" is actually a semi-skilled position, indicated as SVP 4. (R. 72.) Additionally, the VE testified that with "reaching limitations at the sedentary level" a hypothetical person could perform the jobs of "addresser" (DOT number 209.587-010) and "hand binder" (DOT number 920.687-030) although those positions require additionally reaching as defined under the DOT. (R. 71-72.) Plaintiff contends that these

contradictions prevented the ALJ from reaching a determination supported by substantial evidence. The Plaintiff further supports her positions by alleging the VE did not testify how "the requirement for a *sit/stand option at will* would reduce the occupational base of work the Plaintiff could perform," resulting in the ALJ's findings being "incomplete." (Doc. 15, pg. 15.)

Before giving the hypothetical, the ALJ asked the VE that "if your testimony does not agree with the [DOT], you have to inform us of that fact and explain why it differs." (R. 69.) The VE responded that she would. *Id*. From these lines of the transcript alone, the ALJ satisfied his obligations under SSR 00-4p. SSR 0-4p, 2000 WL 1898704, at *4. Here, even though the VE never informed the judge that her testimony conflicted with the structural definitions of the DOT, the ALJ has "no affirmative duty" to inquire further than to ask the VE to inform the court when conflicts exist. *See Boggs*, 2012 WL 5494566, at *7. The facts of this case clearly demonstrate that the ALJ complied with SSR 00-4p and was free to rely on the VE's testimony in determining disability under the five-step evaluation process established by the Social Security Administration. 20 C.F.R. § 404.1520(a). Additionally, at the hearing, Plaintiff's attorney did not bring the alleged mistake to the ALJ's attention even though Plaintiff's attorney was provided the opportunity to examine the VE. Thus, the ALJ had no notice and was not required to "explain how the conflict was resolved." *See Boggs*, 2012 WL 5494566, at *7.

Moreover, the discrepancies between the VE's testimony and the DOT do not suggest any error by the ALJ. As addressed in SSR 00-4p, "occupations" are broad terms and the DOT uses the "collective description of those jobs." SSR 0-4p, 2000 WL 1898704, at *2. A VE's testimony about a particular job requirement is considered proper evidence and a VE "can include information not listed in the DOT." *Id*. Although a conflict appears to surface between the VE's testimony and the

DOT, the ALJ properly followed the guidelines set forth for such instances. Thus, the ALJ relied on proper and substantial evidence in arriving at his determination.

## IV. RECOMMENDATION

In reviewing the record, the Court concludes that the ALJ's decision was based on substantial evidence, and **RECOMMENDS THAT**:

1. Ms. Patten's Motion for Judgment on the Pleadings be **DENIED**; and

2. Commissioner's Motion for Summary Judgment be **GRANTED** for the reasons set forth.

Any party who appears *pro se* and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

DATED: August 15, 2014                    /s/ *James E. Seibert*
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE